IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN RAY CHEEK, #42969-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-2901-D-BK |
| | § | |
| RODNEY W. CHANDLER, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a *pro se* federal prisoner confined at FCI Fort Worth, sought relief under *28 U.S.C. § 2241 Actual Innocence*. For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty to bank robbery and using, carrying, and brandishing a firearm during or in relation to a crime of violence (Counts 2 and 3) and was sentenced to 57 and 84 months imprisonment to run consecutively, and a 3-year term of supervised release. *United States v. Cheek*, 3:11-CR-0157-D-1 (N.D. Tex. Jan 20, 2012), *appeal dismissed based on Anders v. California*, No. 12-10113 (5th Cir. Jan. 22, 2013). In July 2013, he filed a timely motion to vacate sentence under 28 U.S.C. § 2255 asserting "actual innocence of the consecutive sentence because . . . [28 U.S.C.] § 924(c) does not call for [a] consecutive sentence." *Cheek v. United States,* No. 3:13-CV-2550-D-BK (N.D. Tex. 2013). The undersigned recommended that the section 2255 motion be summarily dismissed because section 924(c) requires a mandatory seven-year (84-month) term of imprisonment to run consecutive to any other sentence imposed. *Id.* (recommendation pending review of District Judge). Undeterred Petitioner filed this section

1

2241 petition reiterating his claim of "actual innocence of the consecutive sentence." (Doc. 3 at 2).

## II. ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas petition).[1]

A motion under section 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001)). Under the "savings clause" of section 2255, the petitioner has the burden of showing that the section 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (*per curiam*).[2]

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered under section 2254.

[2] The so-called "savings clause" provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the

2

Here, Petitioner fails to show that the section 2255 remedy is either inadequate or ineffective to the test the legality of his detention. He cannot rely on section 2241 merely because he cannot seek relief under section 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that prior, unsuccessful section 2255 motion, limitations bar, and successiveness do not render section 2255 remedy inadequate or ineffective).

Moreover, it is well established that "the savings clause of § 2255 applies to a claim of actual innocence '(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.'" *Padilla*, 416 F.3d at 426 (quoting *Reyes-Requena*, 243 F.3d at 904); *see also Christopher*, 342 F.3d at 382. In this case, the Court need not look beyond the first of these requisites to conclude that Petitioner cannot prevail.

Petitioner cannot demonstrate that he was convicted of a nonexistent offense. While he claims "actual innocence," his pleadings are limited to challenging the sentence that he received – namely that the 84-month-consecutive sentence is "illegal" and "factually incorrect." (Doc. 3 2). Petitioner does not seek to establish that he is actually innocent of the charges against him, nor does he seek to decriminalize the conduct for which he was convicted.

---

applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*." 28 U.S.C. § 2255(e) (emphasis added).

Because Petitioner is incarcerated within the Northern District of Texas, this Court has jurisdiction to determine whether he may proceed under section 2241. *See Padilla*, 416 F.3d at 426 ("Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255.").

Because Petitioner challenges only his sentence, and not his conviction, his claims do not fall within the savings clause of section 2255(e). *Padilla,* 416 F.3d at 427 (contrasting sentencing and conviction claims). Accordingly, Petitioner is not entitled to relief under section 2241 and his petition should be dismissed without prejudice for want of jurisdiction. *Christopher*, 342 F.3d at 379 (remanding case for dismissal for lack of jurisdiction because petitioner failed to show section 2255 remedy was inadequate or ineffective).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED** without prejudice for lack of jurisdiction.

SIGNED July 26, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

       A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE